LAW OFFICE OF

# AARON M. GOLDSMITH

A PROFESSIONAL CORPORATION
225 Broadway, Suite 715
New York, NY 10007
(Tel.) - (914) 588-2679
(Tel.) – (212) 566-6212
(Fax) - (212) 566-8165
*www.aarongoldsmithlaw.com*

★ Admitted in NY and CT

June 28, 2016

**Via ECF**
US DISTRICT COURT, SDNY
Honorable Kimba M. Wood, USDJ
500 Pearl Street
New York, NY 10007

          Re: *United States v. Jose Andre Castillo-Palacio*
             **15 Cr. 731 (KMW)**

Dear Honorable Sir:

  Our office represents the defendant, JOSE ANDRE CASTILLO-PALACIO, in the above referenced case. Mr. Palacio's sentencing hearing is scheduled for July ___, 2016 at 10am before this Honorable Court. This letter is respectfully submitted pursuant to Rule 32 of the Federal Rules of Criminal Procedure and advances several considerations that Mr Palacio believes will assist the Court in crafting a sentence which serves both the interests of justice and the sentencing goals set forth in 18 U.S.C. § 3553(a). Mr. Palacio respectfully requests that the Court impose a sentence below the sentencing guidelines calculated by the Probation Department, for a period of less than 120 months incarceration. This sentence is below the guidelines range and well within the Court's authority under *United States v. Booker*, 542 U.S. 220, 226-227 (2005) and 18 U.S.C. § 3553(a).

  Mr. Palacio was arrested on September 13, 2015 and has been incarcerated since. Accordingly, Mr. Palacio will have been incarcerated for a period of approximately ten (10) months at the time of sentence.

1

## BACKGROUND

Mr. Palacio was born in Limones, Ecuador to the union of Segundo Castillo and Fernanda Palacio. Mr. Palacio's father was a farmer and his mother harvested cork. Mr. Palacio has not met his father and had no relationship with him whatsoever. He was raised by his grandmother until he was fourteen (14) years old in extreme poverty. He reportedly survived day-to-day, without adequate clothing or food and no electricity nor running water.

When he was fourteen (14), his grandmother died and he was left to fend for himself. He had not attended school because as soon as he was able to swim, he needed to work as a fisherman in order to help support himself and his family.

Mr. Palacio was briefly married to Olimpia Nazareno, with whom the couple had one child. Their child, Andy Castillo, is now twenty-two (22) years old and training to become a police officer in Ecuador.

The defendant has a second child, Jose Castillo, age twenty-one (21) now, from a brief relationship with Mirium Medina.

Mr. Palacio then became romantically involved with Luz Alidia. The couple have one child together, Jason Castillo, now twenty (20) years old who lives in Colombia. Ms. Alidia is not employed and suffers from multiple health conditions. As a result, Mr. Palacio supported her and Jason, along with her daughter, prior to his arrest. He has stated that he is very concerned for Ms. Alidia's well-being now that he is in custody and unable to financially support her.

Mr. Palacio has not stayed in the United States before, and consequently was only assigned an Alien number by ICE upon his arrest for the instant matter.

The defendant has suffered from high blood pressure and diabetes. He is currently under the medical care of the United States BoP while in Marshal's custody at MDC. While having no history of mental/emotional care, Mr. Palacio admitted to suffering from depression since his arrest. He has stated that prior to his arrest he did consume alcohol but denied any narcotics abuse.

As stated above, Mr. Palacio did not attend school in order to help support himself and accordingly cannot read or write, and has worked as a fisherman his entire life.

**THE PRESENTENCE REPORT:**

**Jose Andre Castillo-Palacio** has no objection to the following findings and conclusions of the PSR:

- The base offense level is 38 pursuant to Sentencing Guidelines § 2D1.1(c)(1) (PSR ¶¶ 5(b), 19).

- A 3-level decrease is warranted for the defendant's acceptance of responsibility under §3E1.1(a). (PSR ¶¶ 5(c), 26-27);

- The adjusted offense level is 35. (PSR ¶¶ 5(d), )

- Defendant has a criminal history category of I, due to no prior activity (PSR ¶¶5(e), 31).

- That a guidelines calculated range would be 168-210 months. (PSR ¶¶5(f), Addendum).

**Objections to the PSR** –At this time, Mr. Palacio has no substantive objections to the report.

**PARITY OF OTHER DEFENDANTS**:

Counsel is not aware of other Defendants having been sentenced at this time.

**THE APPROPRIATE SENTENCE:**

**A. Factors under 18 USC §3553(a)**

After affording due attention to Mr. Palacio's individual background and characteristics, it is clear that a sentence below the Guidelines range can still sufficiently achieve the sentencing goals reflected by § 3553(a).

Title 18 USC § 3553(a) tasks the Court with constructing a reasonable sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth" in 18 USC § 3553(a)(2). In *Gall v. United States*, 128 S.Ct. 586, 597 (2007), the United States Supreme Court found that while the Guidelines serve as "the starting point and the initial benchmark" of a reasonable sentence, the sentencing authority "may not presume that the Guideline range is reasonable" and "must make an individualized assessment based on the facts presented." This obligation cannot be met merely by considering departure options and nothing else. Counsel must argue, and the District Court must consider, any of the reasons that may exist for concluding that a sentence within the parameters of the Guidelines "fails to properly reflect § 3553(a), or perhaps [that] the case warrants a difference sentence regardless." *United States v. Rita*, 551 U.S. 338 (2007). The

Court in *Gall* further "reject[ed] an appellate rule that require[d] 'extraordinary' circumstances to justify a sentence outside the Guidelines range." Thus, after considering the advisory Guidelines, a sentencing Court has great flexibility when crafting a reasonable sentence. The Court is free to vary from the Guidelines range so that, ultimately, the sentence is narrowly tailored and no greater than is absolutely necessary to sufficiently accommodate the sentencing factors set forth in Title 18 USC § 3553(a). Accordingly, it is respectfully submitted that a sentence below the advisory Guideline range calculated by the Probation Department, is appropriate and warranted under Mr. Palacio's individual set of circumstances.

The Court may impose a below-Guideline sentence after consideration of the following 3553(a) factors:

**(1) The nature and circumstances of the offense and the history and characteristics of the defendant (18 U.S.C. § 3553 (a)(1)).**

   a. **The nature and circumstances of the offense**

It is indisputable that conspiring to possess/distribute controlled substances is a serious offense. As the Court is aware, Mr. Palacio is an Ecuadorian national who was captioned on a boat with more than 450 kilograms of cocaine bound from Colombia to the United States. However, the nature and circumstances of Mr. Palacio's involvement with respect to this particular offense shows that a sentence below the advisory Guideline range is appropriate. Mr. Palacio participated in a narrow and finite role within the conspiracy. Mr. Palacio, by his plea allocution, post-arrest statements and proffer, has admitted to being unemployed in a small fishing village, and approached by others to help transport a package in exchange for a promised sum of money. Mr. Palacio did not aid in procuring nor packaging of the narcotics. Mr. Palacio, during the "safety-valve" style proffer described a severe financial hardship related to being unemployed and his girlfriend's health problems that directly led to the lapse in judgment of agreeing to transport narcotics as a "mule." It is important to note that under 46 USC §70503 and §70506 et seq do not enumerate a "safety-valve" sentencing credit. However, while researching to determine same, Mr. Palacio willingly and truthfully discussed his involvement in a proffer environment.

Consideration of this 3553(a) factor suggests that a sentence below the advisory Guidelines is warranted.

   b. **The history and characteristics of the defendant**

Mr. Palacio has no prior convictions. As stated above, he acknowledges his extreme error in judgment in agreeing to help transport a package he knew, or should have known, to be narcotics. He also acknowledged that his decision to participate was based wholly upon his financial condition and the need to care for his ill girlfriend.

4

The 7th Circuit has previously considered the sentence of a defendant with a dissimilar but but arguably comparable history, finding such a history to serve as convincing grounds to impose a below-Guidelines sentence. *See United States v. Baker*, 445 F.3d 987, 992 (7th Cir. 2006)(affirming a sentence of 78 months for distributing child pornography, where guidelines called for 108-135 months, based on defendant's lack of criminal history, relatively young age, religious backgrounds and history of employment and higher education). The 3rd Circuit has similarly affirmed a sentence of 2 years probation and 3 months home confinement for wire fraud despite a Guidelines range of 18-24 months in *United States v. Howe*, 543 F.3d 128 (3d Cir. 2008). There, the Court agreed with the District Court, which deemed the offense—characterized by the Government as a two-year campaign to cover up a six-figure fraud on the Air Force—an "**isolated mistake**" in the context of Howe's entire life.

Mr. Palacio's plea agreement was based, in part, on the Government's understanding of his lack of prior criminal history as the maritime statute does not specifically afford safety-valve eligibility. The Government agreed that had the statute provided, Mr. Palacio would qualify for relief. Unfortunately, Mr. Palacio made a difficult, but poor decision that truly should be considered as an isolated incident.

Mr. Palacio has accepted his responsibility in the trafficking of narcotics over the high seas. His request for leniency does not stem from arrogance, ignorance nor contempt. It solely comes from a desire to satisfy his incarceration sentence and get home to his family in a fashion that better represents his level of participation.

**(2) The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and provide the defendant with needed rehabilitative or other treatment (18 U.S.C. § 3553(a)(2)).**

The term originally calculated by the sentencing guidelines is 168-210 months without a mandatory minimum. Such a range is quite significant, especially considering that Mr. Palacio has no criminal history and will be deported upon the completion of his incarceration. Any sentence below 120 months is not a "slap on the wrist." It is several years of incarceration, followed by immediate deportation and other collateral consequences. By no stretch of the imagination is it unreasonable for a man who acted as a "one-time" courier to request a sentence of below 120 months. Such a departure would still serve to appropriately punish Mr. Palacio as an individual, while serving as a significant deterrent to others similarly situated.

For the foregoing reasons, a term of incarceration of less than 120 months is sufficient to reflect the seriousness of the crime and Mr. Palacio's actions, while balancing the limited scope of his involvement.

**CONCLUSION**

The defendant appreciates that his involvement in the instant offense was wrong and he remains apologetic towards all who may have been harmed or otherwise negatively impacted by his conduct. Mr. Palacio hopes that the Court has noticed that his limited role and involvement in this scheme was an uncharacteristic lapse in judgment.

Accordingly, in consideration of the relevant factors set forth in Title 18 U.S.C. §§ 3553(a) JOSE ANDRE CASTILLO-PALACIO respectfully requests that the Court impose a sentence below the calculated guidelines. Mr. Palacio respectfully requests a sentence of *less than* 120 months, followed by a period of supervised release. In light of the aforementioned circumstances and characteristics that are unique to this defendant, this sentence will be sufficient but not greater than necessary to achieve the goals reflected by the factors set forth in Title 18 U.S.C. § 3553(a).

Mr. Palacio also respectfully requests that the Court recommend his candidacy for the RDAP "500 hour" drug program, given his history of alcohol use.

Defendant JOSE ANDRE CASTILLO-PALACIO respectfully reserves the right to raise additional issues at the time of sentencing. Your Honor's attention to and consideration of this submission is greatly appreciated.

Respectfully Submitted,

s/ Aaron M. Goldsmith

cc:  AUSA Jason Swergold
     *via email*