UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                               :

UNITED STATES OF AMERICA    :

   - v. -                               :    15 Cr. 731 (KMW)

JOSE ANDRES CASTILLO PALACIO,  :

         Defendant.             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## GOVERNMENT'S SENTENCING SUBMISSION

                                                    PREET BHARARA
                                                    United States Attorney for the
                                                    Southern District of New York
                                                    One St. Andrew's Plaza
                                                    New York, NY 10007

Sidhardha Kamaraju
Jason Swergold
Assistant United States Attorney
   -Of Counsel-



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 28, 2016

**BY ECF**

Honorable Kimba M. Wood
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *United States* v. *Jose Andres Castillo Palacio*, 15 Cr. 731 (KMW)

Dear Judge Wood:

  The defendant, Jose Andres Castillo Palacio, is scheduled to be sentenced on July 5, 2016, for his offense in this case; namely, conspiracy to distribute and possess with the intent to distribute cocaine while onboard a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506. The Government respectfully makes this submission in advance of the sentencing.

  Under the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."), the parties and the United States Probation Department ("Probation") agree that the Guidelines range applicable to the defendant's conduct is 168 to 210 months' imprisonment. For the reasons set forth below, the Government respectfully submits that the offense warrants a significant sentence, but one that is below the Guidelines range.

## Background

### A. Offense Conduct

  As set forth in the Presentence Report ("PSR"), on or about September 13, 2015, an aircraft operated by a law enforcement task force (the "Aircraft") was on routine patrol approximately 355 nautical miles off the coast of the border between Guatemala and El Salvador, when one of its occupants saw a go-fast vessel (the "Go-Fast") in the water. (PSR ¶ 9). The Aircraft relayed that information to the United States Coast Guard (the "USCG"),

1

which dispatched a vessel (the "Cutter") to intercept the Go-Fast, which was named the *Benedicion Divina*. (*See id.*). The Cutter traveled to the area where the Aircraft reported seeing the Go-Fast, and launched a helicopter (the "Helicopter") and a patrol boat (the "Patrol Boat"). (*See id.* ¶ 10). After the Helicopter arrived on the scene, one or more of the Go-Fast's occupants jettisoned bales into the water before the vessel resumed on its course. (*See id.*).

The Helicopter fired warning shots at the Go-Fast, but the Go-Fast did not stop. (*See id.* ¶ 11). The Helicopter then shot out the Go-Fast's engine. (*See id.*). After the Go-Fast came to a stop, a USCG boarding team boarded the Go-Fast and encountered three individuals, including the defendant. (*See id.* ¶ 12). The USCG then questioned the defendants as to the nationality of the vessel. (*See id.*). One of Palacio's co-defendants claimed to be the master of the Go-Fast, and claimed that the vessel was Ecuadorian. (*See id.*). The USCG contacted Ecuadorian authorities, who neither confirmed nor denied the nationality of the Go-Fast. (*See id.*).

The USCG recovered 11 large bales from the ocean. (*See id.* ¶ 13). A sample from the bales was field-tested, and the results of that testing showed the substance contained cocaine. (*See id.*). In total, the USCG seized approximately 630 kilograms of cocaine that had been jettisoned from the Go-Fast. (*See id.*).

### B. The Charges and the Defendant's Guilty Plea

The one-count superseding Information charges that the defendant conspired to manufacture, distribute, and possess with the intent to distribute cocaine while onboard a vessel subject to the jurisdiction of the United States. (*See id.* ¶ 2). On March 24, 2016, the defendant appeared before this Court and pleaded guilty to the Information. (*See id.* ¶ 4).

### C. The Guidelines Range

The parties do not dispute the PSR's calculation of the offense level under the Guidelines, which calculates the applicable offense level as 35 (*see* PSR ¶ 28) and the defendant's Criminal History Category as I (*see id.* ¶ 31). This results in a Guidelines range of 168 to 210 months' imprisonment (*see id.* ¶ 52).

### Discussion

The general purposes of sentencing include the need for the sentence imposed to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. *See United States* v. *Park*, 758 F.3d 193, 197 (2d Cir. 2014) (citing 18 U.S.C. § 3553(a)(2)). In the Government's view, although a Guidelines sentence is greater than necessary to serve the goals, a significant sentence is required to achieve these ends. Initially, such a sentence would dissuade the defendant from participating in this conduct again. Furthermore, a substantial term of imprisonment would help to assure that others also do not engage in the same conduct themselves.

To be sure, the Government does not assert that the defendant is a significant drug trafficker. But the Government does contend that the role that the defendant played is an

essential one to the narcotics trade. Before cocaine can be distributed to other parts of the world, including the United States, it must first be transported from South America. That is a fundamental and key step in trafficking cocaine. That is the role that, in this shipment, the defendant played.

Dissuading individuals from agreeing to participate in this stage of the distribution activity is an important means of disrupting narcotics trafficking. In the impoverished fishing towns of Colombia and Ecuador, transporting hundreds of kilograms of cocaine by boat presents an attractive offer for those willing to make the trip. One way to deter both the defendant from re-offending, and others from committing the same conduct, is to demonstrate that engaging in such conduct will come with serious consequences, such as a significant term of imprisonment. Imposing such a sentence will thus serve both specific and general deterrence, two aims of the sentencing regime. The Government respectfully submits that, while a Guidelines sentence is not necessary to serve those purposes, a substantial term of imprisonment is.

Finally, a substantial term of imprisonment is necessary to reflect the nature, circumstances, and seriousness of the offense, to promote respect for the law, and to provide just punishment. *See* 18 U.S.C. § 3553(a)(1), (2)(A). But for the interdiction of the Go-Fast, the defendant would have been responsible for delivering approximately 630 kilograms of cocaine – an exorbitant amount with an estimated street value in New York City of approximately $19 million – from its point of supply in Colombia, up the distribution chain to Central America, where it becomes almost impossible to stop from coming into the United States. *See See* Lt. Comm. Brendan Gavin, et. al., *U.S. Southern Command's Role in Combatting Illicit Trafficking*, 4 U. Miami Nat'l Sec. & Armed Conflict L. Rev. 12, 16, 17 (2014) (noting that "approximately 95% of cocaine entering the U.S. travels through Central America" and "[o]nce ashore in Central America, there is almost no stopping the majority of this cocaine before it enters the United States and lands on street corners across America."); *United States* v. *Carvajal*, 924 F. Supp. 2d 219, 242 (D.D.C. 2013) ("It is beyond peradventure that illegal drugs are a problem in the United States, and, specifically, that cocaine imported to the United States from Colombia is a major part of that problem."), *aff'd sub nom. United States* v. *Miranda*, 780 F.3d 1185 (D.C. Cir. 2015).

## **Conclusion**

For the reasons set forth above, the Government does not seek a Guidelines sentence, but respectfully submits that the defendant should be sentenced to a significant term of imprisonment.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: /s/ Jason M. Swergold
Sidhardha Kamaraju
Jason M. Swergold
Assistant United States Attorneys
(212) 637-6523/1023